# IRENE MITTON v. CARGILL ELEVATOR COMPANY.[1]

May 28, 1915.

Nos. 19,236—(152).

**Res gestæ.**

1. A certain declaration *held*, on the facts stated in the opinion, admissible as being a part of the *"res gestæ."* The evidence justified the jury in finding that the superintendent of defendant requested plaintiff's intestate to turn off the engine in the engine room of the elevator of defendant.

**Vice principal — holding on former appeal.**

2. In making this request defendant's superintendent, on the evidence, acted for defendant, and not for himself personally, and in obeying the request plaintiff's intestate was performing a service for defendant. The decision on the former appeal to this effect, and holding that defendant owed plaintiff's intestate the duty to use ordinary care in relation to guarding the stairway and machinery, adhered to.

**Negligence — assumption of risk — contributory negligence.**

3. The evidence justified the jury in finding defendant negligent, in finding that the death of plaintiff's intestate was caused by the negligence of defendant, and in finding that plaintiff's intestate did not assume the risk and was not guilty of contributory negligence.

**Refusal of requests for instructions.**

4. There was no error in refusing requests for instructions, or in the instructions as given.

Action in the district court for Hennepin county by the administratrix of the estate of Lorne Mitton, deceased, to recover $7,500 for the death of her intestate. The case was tried before Waite, J., and a jury which answered in the affirmative the questions (1) whether decedent fell from the steps upon the engine, (2) whether the negligence of defendant was a cause of his so falling into the engine, and (3) whether the fall was due in part to decedent's own

[1] Reported in 152 N. W. 753.

Note.—As to how near the main transaction must declarations be made in order to constitute part of the *res gestæ*, see note in 19 L.R.A. 733.

fault, and returned a verdict for $5,000. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*Harris Richardson* and *Walter Richardson,* for appellant.

*O'Brien, Young & Stone,* for respondent.


BUNN, J.

On the first trial of this case there was a dismissal on the motion of defendant. An order denying a new trial was reversed by this court. Mitton v. Cargill Elev. Co. 124 Minn. 65, 144 N. W. 434. The case was again tried and the issues submitted to a jury, with a $5,000 verdict for plaintiff as the result. Defendant appeals from an order denying its motion for a new trial.

The facts are quite fully stated in the opinion on the former appeal and most of the questions now argued were disposed of by that decision. It is unnecessary to review again the evidence tending to show how the death of Mitton was caused and bearing on the question whether the cause was a matter of speculation or not, and the questions of contributory negligence and assumption of risk. We refer to the former opinion for a statement of these evidentiary facts, which were in no material aspect different on the second trial. ·

Defendant urges strenuously that Mitton was a mere licensee, or volunteer, and hence that defendant owed him no duty, save to refrain from acts of actual negligence rendering the premises dangerous, or, as otherwise expressed, not to wantonly or wilfully inflict injury upon him. We held in the former opinion that Mitton went into the engine room, where he met his death, at the request of defendant and to perform a service for it, and that it owed him the duty to use ordinary care in relation to guarding the stairway and the machinery.

It is now contended that there was no competent evidence of any request to Mitton by Bailey, the superintendent of the elevator, to turn off the engine, and, even if Bailey did so request, that the service asked was for his own purposes, and not a service for the defendant.

The only evidence of a request by Bailey, was that of a witness who was permitted to testify that Bailey, some 10 to 20 minutes

after the accident, said that he told Mitton to shut off the engine. This declaration was made in response to a question as to how the accident happened, and after Mitton had been extricated from the engine, carried up stairs and placed in a chair in the driveway. Bailey had telephoned for doctors, procured a coat to put under Mitton's head and water to revive him. It was at this time, while Bailey, the witness, and others were attending to the injured man, that Bailey made the statement testified to by the witness. If this evidence was properly admitted it is ample to justify the jury in finding an invitation and request by Bailey, as the latter was on the stand and was not asked to deny making the statement. Under the decisions in this state we think the declaration of Bailey was admissible as part of the *res gestæ*. O'Connor v. Chicago, M. & St. P. Ry. Co. 27 Minn. 166, 6 N. W. 481, 38 Am. Rep. 288; Hyvonen v. Hector Iron Co. 103 Minn. 331, 115 N. W. 167, 123 Am. St. 332; Aho v. Adriatic Mining Co. 117 Minn. 504, 136 N. W. 310. We refer to these cases out of the many that touch on the so-called *res gestæ* rule, because they are singularly like this case in their facts, and must necessarily be overruled, if we are to hold here that the evidence was improperly received. We do not overlook the argument that Bailey, at the time he made the statement testified to, was not engaged on the business of his principal or master, the defendant. In spite of the claim to the contrary, we think it may fairly be stated that in administering to the comfort of one injured on the premises of his principal, he was performing a duty of the latter as well as acting as a friend of the injured person.

The facts upon which must be based the decision of the question whether the request of Bailey was made in the interest of defendant, or in the interest of Bailey personally; whether Mitton, in attempting to comply with the request, was performing a service for defendant, or a service for his friend Bailey personally, are as follows: Bailey was the owner of the elevator, but had leased it to defendant, and defendant was operating it under Bailey's superintendence. During the afternoon of the day the accident happened Bailey had been elevating grain, using the gasolene engine for this purpose; the engine was not kept running continuously but it was started when

a load of grain came in, and stopped when the load was elevated. A load of grain came in shortly before Mitton came to see his friend Bailey; its elevation had been just completed when Mitton came; as Bailey testified, "it was up by that time." Bailey had sawed some wood during the afternoon using a saw operated by a shaft from the gasolene engine that operated the elevator. He had an armful of wood when Mitton came, and it was then that he asked Mitton to turn off the engine. The wood was for Bailey's personal use, and after giving the request to Mitton he proceeded to his woodshed some 75 feet away and dumped his wood. The contention of defendant is that Bailey was using the engine at this time solely for his own purpose, to operate the wood saw, and therefore that the service requested of Mitton was not a service for the defendant, but for Bailey personally. One difficulty with sustaining this contention is that it does not appear that the engine was kept running after the grain was elevated for the purpose of operating the saw, or that the saw was operated at all save when the engine was elevating grain. All that appears is that Bailey had been sawing wood during the afternoon, but he testifies that he started the engine each time a load of grain came in, and shut it off when the load was elevated. The last load had just been hoisted into the elevator when Mitton was requested to shut off the engine, to perform a duty that Bailey was in the habit of performing himself each time an elevating operation was finished. The gasolene used by the engine was furnished by the defendant. On this evidence we think that our conclusion on the former appeal, that "Mitton went into the engine room at the request of defendant, and to perform a service for it," was correct, and we adhere to it.

It follows that defendant owed Mitton the duty of using ordinary care in the matter of guarding the dangerous stairway. We follow the former decision on the question of whether the evidence justified a finding that there was a breach of this duty by defendant and hold that it does.

The chief question on the former appeal was whether the evidence left the cause of Mitton's death a matter of speculation or conjecture, and the decision was that it did not, but was sufficient to justify submitting to the jury the question whether defendant's negligence was

the proximate cause of Mitton's death. On a re-examination of the evidence we adhere to the former opinion on this question, and further hold that the evidence was sufficient to justify the verdict on this point.

We reach the same conclusion on the questions of the assumption of risk and contributory negligence. It is true that Mitton had some experience in operating an elevator and with gasolene engines, and that he was more or less familiar with conditions in the engine room where he met his death. But we cannot hold as a matter of law that he appreciated or ought to have appreciated the danger.

Error is assigned in refusing certain requests for instructions, and in the instructions as given. We find no merit in any of these assignments of error, and no point worthy of special mention. The charge was full, clear, accurate and complete, and presented the issues very fairly. We perceive no error in it.

Order affirmed.